**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

               **v.**          **09-CR-203S(Sr)**

**DARRYL ROBINSON,**

       **Defendant.**

_____

## DECISION AND ORDER

      This case was referred to the undersigned by the Hon. William M.

Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear

and report upon dispositive motions. Dkt. #59.


## PRELIMINARY STATEMENT

      The defendant, Darryl Robinson, along with nineteen others was charged

in a twenty-four count Indictment with having violated Title 21, United States Code,

Section 846 (Count 1), Title 21, United States Code, Section 963 (Count 2) and Title

21, United States Code, Section 843(b) (Count 11). Dkt. #1. As noted above, the

defendant was charged in three separate counts, Counts 1, 2, and 11. _Id_.


      Presently pending before this Court is the defendant's demand for a bill of

particulars (Dkt. #128) and the defendant's omnibus motion for discovery (Dkt. #129).

The government has filed its response to defendant's demand for a bill of particulars

and the defendant's omnibus motion for discovery. Dkt. #236. What follows is this

Court's Decision and Order with respect to the defendant's demand for a bill of particulars and the defendant's omnibus motion for discovery.

## DISCUSSION AND ANALYSIS

**Bill of Particulars**

In eleven separately numbered requests, the defendant seeks the following information with respect to Counts 1 and 2 of the Indictment: (1) the precise date, time and place when the conspiracy began; (2) the exact dates when it is alleged defendant joined and "ended in [sic] the conspiracy"; (3) the dates and locations of any meeting or conversation the government contends will demonstrate when the defendant joined the conspiracy; (4) the precise date, time and place it is alleged the conspiracy ended; (5) the names of all persons alleged to have been part of the conspiracy; (6) the precise manner it is alleged the defendant became a member of the conspiracy; (7) the best available description of "other known and unknown" persons referred to in the Indictment; (8) continuing disclosure of additional information identifying "known and unknown" persons as they become known; (9) the nature of the agreement and if there was more than one agreement, the nature and participants in each; (10) the location and jurisdiction where the conduct of the conspiracy took place; and, (11) identify the controlled substance and specific quantity/weight alleged to be attributed to the defendant. Dkt. #128, pp.1-2.

In addition to the foregoing, with respect to Count 2, the defendant seeks the following information: how the defendant imported into the United States from Canada the alleged controlled substance referred to in Count 2 and the specific quantity/weight alleged to be attributed to the defendant. *Id*. at pp.2-3. With respect to Count 11 of the Indictment, the defendant asks the government to identify the phone number the call referred to in Count 11 was made from and more specifically, identify who the phone number is registered to and who initiated the call. *Id*. at p.3. In addition, the defendant asks the government to identify any other phone conversations the government intends to use involving the defendant. *Id.*

As a threshold matter, in its response the government maintains that defendant Robinson has failed to offer any specific facts, reasons or legal authority, to justify a finding that further particularization is necessary. Dkt. #236, p.7. Specifically, with respect to defendant Robinson's request for particularization as to the exact drug quantities involved in each of the charges, the government asserts that drug weight is "a typical evidentiary matter not subject to particularization on speculation that particulars will prevent a defendant from experiencing some unfair prejudice or future jeopardy." Dkt. #236, p.8. Moreover, the government argues that with the extensive disclosures and discovery produced by the government and the additional information that defendant Robinson will receive in advance of trial, there is no risk of surprise or future jeopardy absent a bill of particulars. *Id*. Similarly, with respect to defendant Robinson's request for particularization of exact locations where acts in furtherance of the drug conspiracy occurred, the government maintains that that information is also an

"evidentiary matter not subject to particularization." *Id*. Additionally, the government

states that, "[d]efendant[ ] know[s] or will know reasonably in advance of trial, all that

[he] need[s] to know to adequately prepare for trial." *Id*.

With respect to defendant Robinson's request for a bill of particulars

setting forth the identity of all known and unknown co-conspirators, in its response, the

government states that defendant Robinson knows the identity of his charged co-

conspirators and "will learn more identities as trial preparations continue, to include

disclosure of impeachment and so-called 3500 material." Dkt. #236, p.10. The

government adds, "[t]he criminal investigation is continuing, and that investigation could

be compromised if we were required to identify persons who might be charged or even

questioned. The government likely will not object to later requests for disclosure of the

identities of unindicted co-conspirators as trial approaches, however." *Id*.

In response to defendant's request for a bill of particulars concerning the

development of the conspiracies charged in Counts 1 and 2, the government maintains

that it is not required to furnish details concerning the formation of a conspiracy,

including when and how it was formed and when a particular defendant joined, because

those details need not be proven at trial. Dkt. #236, p.10. With respect to defendant's

request for detailed information relating to specific overt acts alleged in furtherance of

the conspiracies charged in Counts 1 and 2, the government argues that details such

as the exact time and place of the overt acts and names of persons present are not

properly the subject of a bill of particulars. *Id*. at p.11.

Although the government does not specifically address defendant's requests for information relating to Count 11, *to wit*, who the phone number is registered to and who initiated the call, the government states that, "[t]he information in the Indictment, coupled with the discovery materials, which includes transcripts of defendant['s] intercepted conversations, many narrative reports of the investigation, more than adequately inform defendant[ ] of the facts essential to the pending charges." *Id*. at p.12. Finally, in its conclusion concerning defendant's request for a bill of particulars, the government states, "[b]ecause defendant will be provided with full discovery, exculpatory and impeachment material, a witness list, and exhibit lists, including 3500 materials, well in advance of trial, [he] will not be surprised by the evidence against [him] or be subject to future jeopardy in a way that might otherwise justify ordering the particulars sought." *Id*. at p.13.

It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in the Indictment, along with the discovery materials provided by the government, clearly inform the defendant of the essential facts of the crimes charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is

accused."  *United States v. Feola*, 651 F. Supp. 1068, 1132
(S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert.
denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72
(1989); *see also United States v. Leonelli*, 428 F. Supp. 880,
882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars
rests within the sound discretion of the district court."  *United
States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing
*United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.),
*cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474
(1980)); *see also [United States v.] Bortnovsky*, 820 F.2d
[572] at 574 [(2d Cir. 1987)]].  "Acquisition of evidentiary
detail is not the function of the bill of particulars."  *Hemphill
v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393
U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v.
Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v.
Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct.
1690 (2008).

Accordingly, for the foregoing reasons, defendant Robinson's demand for
a bill of particulars (Dkt. #128) is denied.

**Discovery Pursuant to Rule 16**

In twenty-three separately numbered requests, defendant Robinson
requests that the following documents and information be provided.

## 1.    Defendant's Statements

The defendant requests copies of any written or recorded statements made by him, as well as the substance of any oral statements he made which the government intends to offer in evidence at trial.  Moreover, the defendant seeks any written summaries or hand written notes of any oral statements made by him.  Dkt. #129, p.5.  In its response, the government states in pertinent part, "[s]ince the Indictment, the United States has complied, and intends to continue to comply with the requirements of Rule 16.  To that end, the United States has provided comprehensive voluntary discovery, including, but not limited to, defendant's statements ..."  Dkt. #236, p.13.  Based on the representations made by counsel for the government, the defendant's request is denied as moot.

## 2.    Reports of Scientific Tests or Examinations

By this request the defendant seeks the reports of all tests and examinations conducted in this case, including but not limited to, laboratory testing of any controlled substances.  Dkt. #129, p.5.  In its response, the government states,

> [t]he United States will disclose all materials that are discoverable under Fed.R.Crim.P. 16(a)(1)(F), which are in the possession of the government.  The United States has laboratory reports concerning the forensic analysis of seized controlled substances and has complied with Fed.R.Crim.P. 16(a)(1)(G) and Fed.R.Evid. 702, 703, and 705.  The government timely will provide the chemists' credentials and methods of analysis, to permit evaluation and cross-examination by defendants, in the event that a defendant declines to stipulate that the controlled substances are as they have been identified during chemical analysis.

Dkt. #236, p.18.  Based on the representations made by the government that it has and will continue to comply with its disclosure obligations as set forth in the Federal Rules of Criminal Procedure and the Federal Rules of Evidence, the defendant's request is denied as moot.

### 3.    Documents, Statements, Reports, Tangible Evidence

Pursuant to *Brady v. Maryland,* 373 U.S. 83 (1986) and *United States v. Agurs*, 427 U.S. 97 (1976), the defendant requests that all documents, statements, agents' reports and tangible evidence favorable to the defendant on the issue of guilt or which affects the credibility of the government's case be produced.  Dkt. #129, p.5.  The Court notes that the defendant makes a separate request for *Brady* material and that request will be addressed below.  As noted above, the government maintains that it has and continues to comply with the requirements set forth in Rule 16 of the Federal Rules of Criminal Procedure.  Moreover, the government states that it has provided comprehensive discovery including, reports and laboratory reports.  Based on the representations made by counsel for the government, the defendant's request is denied as moot.

### 4.    Prior Record/Other Act Evidence

By this request the defendant is seeking all evidence, documents, records of judgments and convictions, information pertaining to any prior arrests, and prior bad acts.  Dkt. #129, p.5.  The Court notes that the defendant makes a separate request

pursuant to Federal Rules of Evidence 403, 404(b) and 609 and that request will be addressed below.  In its response, the government states that it "expects to timely disclose evidence that might fall within the ambit of Fed.R. Evid. 404(b), 608(d) and 609.  The government intends to seek to introduce at trial evidence of this activity, as well as similar activity."  Dkt. #236, p.23.  More specifically, the government states,

> The government will disclose evidence in its possession that might fall within Fed.R.Evid. 404(b), 607, 608 and 609, and provide notice of its intention to rely upon such evidence when ordered to do so by the trial court.  Specifically, at this time, the government is unaware of any evidence within the ambit of Fed.R.Evid. 609, which could be used at trial to impeach the credibility of defendant[ ] upon cross examination.  With respect to the disclosure of evidence which falls within Fed.R.Evid. 608, the government notes that it has no obligation to provide a defendant with any information that could be used to impeach him pursuant to Rule 608, should he elect to testify.  . . . Furthermore, the government preliminarily notifies defendant[ ] that it intends to introduce at trial, pursuant to Rule 404(b), all prior criminal conduct [sic] acts or wrongs to show proof of a defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and the absence of mistake or accident.  This notice is only preliminary in nature and is not intended to foreclose the government from relying on other Rule 404(b) evidence should it deem the introduction of such evidence appropriate at trial.  The government will provide defendant[ ] with more definitive notice of its intent to rely on Rule 404(b) evidence when directed to do so by the trial judge, or during trial, if pretrial notice is excused for good cause.

Dkt. #236, pp.24-25.

Accordingly, based on the representations made by counsel for the government concerning notice under Rule 404(b) and its disclosure obligations pursuant to Rule 608 and 609, defendant's request is denied as moot.

**5.    Seized Evidence**

Pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, the defendant seeks the disclosure of all evidence seized as a result of any search conducted, as well as copies of each search warrant, search warrant application, supporting affidavit and inventory return.  Dkt. #129, p.6.  In addition, the defendant requests a copy of each voice recording, transcript or record with respect to any oral search warrant application.  *Id*.

As noted above, in its response, the government states that it has and continues to comply with its discovery obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure.  Indeed, the government states that it has provided "comprehensive voluntary discovery, including, but not limited to, defendant[']s[ ] statements, reports, photographs, recordings of court-authorized intercepted communications, criminal records of each defendant to that defendant, transcripts of intercepted communications, laboratory reports, and eyewitness identifications."  Dkt. #236, p.14.  Moreover, the government advises that to the extent it identifies any other evidence which falls within the scope of Rule 16, it will provide that evidence to defense counsel.  *Id*.

Based on the representations made by counsel for the government that it has and will continue to comply with its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure, defendant's request is denied as moot.

**6.    Agent's Reports, Notes, Memos**

By this request, the defendant is seeking the disclosure of all arrest reports, investigator's notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to defendant Robinson.  Dkt. #129, p.6.  The government opposes the defendant's motion which seeks a "blanket order requiring disclosure of all documents that even defendants concede are exempted [sic] from or not subject to disclosure under Rule 16 and that are subject to disclosure, if at all, only later as 3500 materials."  Dkt. #236, pp.19-20.  The government further notes that it is the trial court's practice to set a deadline for disclosure of Rule 3500 and related materials.  Furthermore, the government argues that absent a showing of good cause, the usual practice established by the trial court should be followed.  *Id*. at p.20.

As will be discussed in greater detail below, with respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government, that it will comply with the trial judge's pretrial order concerning the disclosure of witnesses statements, the defendant's request is denied. Notwithstanding the foregoing, the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

## 7.     Evidence Seized

This request seeks "[e]vidence seized as a result of any search, either warrantless or with a warrant or by alleged consent of co-Defendants." Dkt. #129, p.6. This request is, at least in part, duplicative of request number 5 discussed above, insofar as it seeks evidence seized as a result of any search. As noted above, the government has supplied voluntary discovery to the defendant. Based on the relief sought by this defendant, as well as a number of co-defendants, the government's voluntary disclosures included the search warrants, applications and affidavits. Accordingly, based on the representations made by counsel for the government, defendant's request is denied as moot.

## 8.     Arrest Reports, Notes and Dispatch Tapes

By this request the defendant seeks the disclosure of all arrest reports, notes and dispatch or other tapes relating to defendant Robinson's arrest. Dkt. #129,

p.6.  This request includes any rough notes, records and reports and transcripts or other documents in which statements of the defendant or any other discoverable material is contained.  *Id*.  In addition, the defendant requests the preservation of rough notes whether or not the government deems them discoverable at this time.  *Id*.

In its general response to each of the defendants' discovery requests, the government states that it has previously provided to each individual defendant, *inter alia*, defendant's statements, reports and the criminal record of each defendant.  Dkt. #236, p.13.  Moreover, the government indicated that it will continue to comply with its disclosure obligations under Rule 16.  *Id*. at p.14.  With respect to that portion of defendant's request that relates to the preservation and production of rough notes, the government states,

> [t]he United States has no objection to the request that government agents retain notes taken during the investigation of this case.  As a matter of routine practice, all federal law enforcement agencies already do so; and the prosecutor will request the agents to retain their notes relevant to this investigation.  However, we note that defendant's request covers material that may not be <u>Jencks</u> material and may exceed the United States' obligation under Title 18, United States Code, Section 3500 and Fed. R. Crim. P. 26.2.  The retention of notes of agents is not required as long as the notes are subsequently incorporated into a final report.  Moreover, even if retained, rough notes are not discoverable, even as <u>Jencks</u> Act material.

Dkt. #236, p.33.

Although perhaps unnecessary, based on the representations made by counsel for the government concerning its acknowledgment of its obligation and its

agreement to instruct the agents to retain and preserve rough notes, the express

admonition of the Court of Appeals for the Second Circuit bears repeating in addressing

this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law. Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . . We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928

(1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980);

*United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821

(1976). Accordingly, the government is hereby directed to maintain and preserve all

materials that are known by the government to exist, that constitute potential *Jencks*

material in this case.


**9.      Defendant's Prior Record**

In its response and as noted above, the government has indicated that it

has previously provided a copy of the defendant's criminal record to counsel for the

defendant. Indeed, in footnote 3 of its response, the government states, "[t]he

government provided a copy of the criminal history for each defendant when counsel appeared in court on that defendant's behalf.  While some defendant's have requested a criminal history in the motions, no defense counsel has contacted the undersigned to request another copy of a defendant's criminal history."  Dkt. #236, p.14, n.3. Accordingly, based on the representations made by counsel for the government that a copy of defendant's criminal history has previously been disclosed, defendant's request is denied as moot.

### 10.    Audio and/or Video Tapes

By this request, the defendant seeks copies of all audio tapes, body tapes, wire taps, recording [sic], video tapes, and any other electronic surveillance that pertains to this case.  Dkt. #129, p.7.  In its response, the government states, "[d]efendants have either been provided, or have had made available to them, the underlying wiretap applications and progress reports, as well as recordings of intercepted calls and transcripts of intercepted calls and text messages."  Dkt. #236, p.20.  Based on the representations made by counsel for the government that the requested items have either been provided or that the items have been made available to the defendant, defendant's request is denied as moot.

### 11.    Tangible Objects

By this request the defendant requests a list of any and all documents and tangible objects, including alleged contraband, photographs, books, papers,

documents, buildings, automobiles, places or copies, depictions or portions thereof which are material to the defense ...” Dkt. #129, p.7. In its response, the government states that since the return of the Indictment, the government has complied and intends to continue to comply with the requirements of Rule 16 of the Federal Rules of Criminal Procedure. Dkt. #236, p.13. Specifically, the government states,

> [t]o that end, the United States has provided comprehensive voluntary discovery, including, but not limited to, defendant[’]s[ ] statements, reports, photographs, recordings of court-authorized intercepted communications, criminal records of each defendant to that defendant, transcripts of intercepted communications, laboratory reports, and eyewitness identifications. As the government identifies any other evidence which falls within the scope of Rule 16, it will provide that evidence to defense counsel, thereby continuing to comply with its disclosure duties in Rule 16(c). The government has notified defendants that it may introduce all of this evidence at trial.

Dkt. #236, pp.13-14 (internal footnote omitted). Accordingly, based on the representations made by counsel for the government that the requested items have been provided or made available to counsel for the defendant, defendant’s request is denied as moot.


### 12. Request for Preservation of Evidence

In addition to his request for the preservation of rough notes, the defendant also requests an Order from this Court directing the government to preserve and protect from destruction, alteration, mutilation or dilution any and all evidence acquired in their investigation of defendant. Dkt. #129, p.7. The Court once again refers to the express admonition of the Court of Appeals for the Second Circuit

concerning the preservation of Rule 16 or *Jencks* Act statements. *United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).  Accordingly, the government is hereby directed to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* material in this case.

**13.    Wire Tap Information**

In addition to the request for audio and/or video tapes discussed above, the defendant seeks the following information with respect to the eavesdropping warrants:

> (A) all forms, samples, specimens and/or other models used, in any fashion, to prepare any of the eavesdropping warrant applications in this case; (B) any audio and/or pen registered [sic] tapes, logs, transcriptions, sealing orders, progress reports and the right to examine any equipment used in connection with any pen register and/or draft-and-trace surveillance [sic]; (C) any minimunization [sic] instructions given to the monitoring eavesdrop agents; (D) all physical surveillance reports, notes, photos, diagrams, memoranda and/or any other tangible items that relate to physical surveillance conducted before, during and/or after execution of the pen register and/or eavesdrop orders; (E) any documents which reveal the nature and extent of any relationship between any informant and/or cooperating individual with Defendant, Darryl Robinson or any co-defendant in this case and/or with any other individual purportedly engaged in the illegal distribution of drugs with any defendant named in this indictment.

Dkt. #129, pp.7-8.  In its response, the government states that all defendants have either been provided, or have had made available to them, the underlying wiretap

applications and progress reports, as well as recordings of intercepted calls and transcripts of intercepted calls and text messages.  Dkt. #236, p.20.  Based on the representations made by counsel for the government, defendant's request is denied as moot.


**14.     Government Witnesses**

The defendant has moved for disclosure of the identity of witnesses who will testify at trial, but has offered no "particularized showing of need" for same.  Dkt. #129, p.8; *see United States v. Hennings,* No. 95-CR-0010A, 1997 WL 714250, at *13. Fed.R.Crim. P. 16 does not require such disclosure, and because there has been no showing of need, the motion is denied.  *See id.; United States v. Bejasa,* 904 F.2d 137, 139 (2d Cir.), *cert. denied,* 498 U.S. 921 (1990); *United States v. Johnson,* No. 92-CR-39A, 1994 WL 805243 (W.D.N.Y. May 26, 1995), *aff'd,* 108 F.3d 1370 (1997); *United States v. Pastor,* 419 F. Supp. 1318, 1320 (S.D.N.Y. 1975).


**15.     Other Witnesses**

In addition to the foregoing, the defendant asks for the name and last known address of every witness to the alleged offenses who will not be called as a government witness.  Dkt. #129, p.8.  As he did in support of his request for the name and last known address of each prospective government witness, the defendant relies only on Ninth Circuit precedent to support his request for the disclosure of the name and last known address of every witness to the alleged offenses (or any overt acts

committed in furtherance thereof) whom the government does not intend to call as a witness during the trial.  *Id*.  The government does not specifically respond to this request.   However, for the same reasons articulated above denying defendant's request for the identification of the government's witnesses, the defendant's request for the identification of "other witnesses" is denied.

### 16.    Favorable Testimony

Under the heading "Favorable testimony," the defendant is seeking the disclosure of any statements that could be more appropriately classified as exculpatory material.  Dkt. #129, p.8.  Elsewhere in his motion, the defendant specifically seeks *Brady*, *Giglio* and early disclosure of *Jencks* material and the Court will separately address those requests.  In its response, the government states, "[a]s a practice, the government discloses directly exculpatory information as soon as we become aware of it, and are complying with the obligation to disclose exculpatory material to permit defendants to make effective use of the material before trial.  To the extent that additional Brady and impeachment material becomes known to the government, we will endeavor to disclose it sufficiently in advance of the proof for the information to be effectively useful to defendants."  Dkt. #236, p.28.   Accordingly, based on the representations made by counsel for the government, the defendant's request for "favorable testimony" is denied as moot.

17.     **Specific Inquiries of Agents**

Request number 17 provides, "[i]t is requested that the Government make specific inquiry of each Government agent connected to the case for the information requested in ¶¶ 12-16." Dkt. #129, pp.8-9. Although the government does not specifically respond to this request, elsewhere in its response, the government states that it will comply with its obligations under *Brady*. Based on the representations made by counsel in its responses to paragraphs 12-16, and its statement that it will comply with its obligations under *Brady*, this request is denied as moot.

18.     **Rule 26.2 Material/Timing of Production**

By this request, the defendant seeks the early disclosure of witness statements so as to avoid any unnecessary delay prior to cross examination. Dkt. #129, p.9. In its response, the government states "[t]he United States opposes defendant[']s[ ] request for immediate disclosure of <u>Jencks</u> Act material, and will comply in this case with our practice and that of the trial court to disclose witness statements before trial. That practice should be followed because defendants have failed to make any showing of good cause for the extraordinary, expedited relief sought." Dkt. #236, p.28. Based on the representations made by counsel for the government, the defendant's request is denied as moot.

### 19. Experts/Resumes

By this request, the defendant seeks the *curriculum vitae* of any and all experts the government intends to call at trial, including all books, treatises or other papers written by the expert which is relevant to the anticipated testimony. Dkt. #129, p.9.  In its response, the government states, "[t]he government expects to provide disclosure of the credentials and methods used by the forensic chemists during their analyses and in support of their expert opinions."  Dkt. #236, p.26.  Accordingly, based on the representations made by counsel for the government, defendant's request is denied as moot.

### 20. Minutes of Grand Jury Proceedings

By this request, the defendant seeks an Order pursuant to Rule 6(b)-(d) of the Federal Rules of Criminal Procedure for the disclosure of the minutes of the Grand Jury proceedings in order to determine whether there has been compliance with Rule 6 concerning attendance and the number of Grand Jurors voting on this Indictment.  Dkt. #129, p.9.

It is a long-established rule that "[t]he burden. . . is on the defense to show that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the policy of secrecy."  *Pittsburgh Plate Glass Co v. United States*, 360 U.S. 395, 400 (1959).  The assertion of the defendant as to his "particularized need" is legally insufficient to require disclosure of the grand jury proceedings as requested by him.  It

is pointed out that transcripts of grand jury testimony of witnesses called by the government to testify at trial must be made available to the defendant pursuant to and in accordance with the provisions of Title 18, United States Code, § 3500.

It is also pointed out that:

[A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1978).

Furthermore,

An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).

Therefore, defendant's request for disclosure of the minutes of the Grand Jury proceedings is denied.

**21.    Grand Jury Transcripts**

By this request, the defendant seeks the disclosure of all grand jury transcripts "in accordance with Rule 6." Dkt. #129, p.9. In its response, the government states, "[t]he conclusory allegations that the Grand Jury testimony is

needed so defendants can be informed of evidence in this case are insufficient to controvert the presumption of regularity in the grand jury proceedings." Dkt. #236, p.38.

Insofar as this request can be interpreted as one seeking the early disclosure of *Jencks* material, Title 18, United States Code, § 3500 only requires that statements of witnesses called by the government be turned over to the defendant after the witness has completed his or her testimony on direct examination. To the extent the government has adopted a policy of turning such information over to the defendant prior to trial, the government is hereby directed to comply with that policy, or in the alternative, produce such information in accordance with the scheduling order to be issued by the trial judge. Accordingly, defendant's request is denied except to the extent that certain transcripts of Grand Jury testimony may be disclosed at a later time as *Jencks* material.

## 22. Statement by Government of Refusal to Provide

In its final request pursuant to Rule 16, the defendant seeks a statement from the government to the extent that the government possesses items subject to disclosure and the government is refusing to provide those items. Dkt. #129, p.9. The government does not specifically respond to this request. To the extent that the Court is presently unaware of any instance where the government possesses a requested item subject to disclosure and is refusing to provide it to counsel for the defendant, this request is denied.

**23.      Reservation of Right to File Additional Motions**

In paragraph 23, the defendant seeks to reserve his right to file additional

motions concerning *Brady* material, *Jencks* Act material, *Giglio* information and

examination of law enforcement personnel files pursuant to *United States v. Henthorn*,

931 F.2d 29 (9th Cir. 1991) and *Kyles v. Whitley*, 115 S.Ct. 1555 (1995).  This request is

granted provided that any additional bases for relief are based on facts or information

learned by reason of the continuation of the investigation or facts and circumstances

revealed in the government's response to the instant motion or this Court's Decision

and Order.


**"Discovery - *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991)"**

Within this broad category, the defendant is seeking the following sub-

categories of evidence: bias of government witnesses; prior record/other acts of

government witnesses; investigation of witnesses; evidence regarding ability to testify

and personnel files.  In its response, the government states:

> [d]efendant[ ] seek[s] an order that the United States search
> the personnel files and records of any government agent or
> police witnesses to determine whether there exists Brady or
> Giglio material.  The United States is aware of its obligation
> to disclose potential impeachment material from the
> personnel files of law enforcement witnesses under the
> authority of Giglio v. United States, 405 U.S. 150 (1972). As
> the Court is aware, the Justice Department has in place
> certain procedures regarding the review of personnel files
> and the disclosure of information from the files when it may
> be appropriate.  We expect to comply with our obligations
> and have no objection to disclosing any such materials, if
> any should exist, to the defense in the appropriate situation,

> or in the alternative, submitting any such information, if any
> should exist, to the Court for its <u>in camera</u> review.

Dkt. #236, pp.39-40.  Based on the representations made by counsel for the government, with respect to its obligations to produce impeachment material, the defendant's request is denied as moot.  The Court reminds counsel for the government that *Brady*, *Giglio* and their progeny dictate that the government's obligation to disclose material favorable to the accused extends to information that impeaches the credibility of the government's witnesses regardless of the witnesses' employer.  Accordingly, counsel for the government is hereby directed to ensure that a proper request and review of the personnel files of all law enforcement witnesses, regardless of their employer, is conducted and that all properly discoverable information is disclosed to the defendant in a timely fashion as provided by *Brady*, *Giglio* and their progeny.


**"Disclosure of Evidence Concerning Confidential Informant"**

In sixteen separately lettered requests, the defendant requests the disclosure of the identity of the confidential informant(s), as well as the disclosure of documents (impeachment material) relating to the confidential informant(s).  *See* Dkt. #129, pp.11-13.  In its response, the government states,

> [d]efendant[ ] move[s] for immediate disclosure of the
> identities of any confidential informants in this case.  That
> disclosure is unwarranted at this point. . . . any further
> requests for disclosure, identity, impeachment material, etc.,
> should properly be addressed through the <u>Brady</u> and <u>Jencks</u>
> materials which will be provided to defendants.

Dkt. #236, pp.29 and 31.

In order to be entitled to the requested information, the defendant must

sufficiently state a basis for requiring the disclosure of this information or that the

testimony of the informant would be of even marginal value to the defendant's case.

Moreover, the Court notes that the holding of the Court of Appeals for the Second

Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S.

1089 (1989), is instructive:

> The leading Supreme Court case on this question, *Roviaro
> v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639
> (1957), holds that
>
> > [w]here the disclosure of an informant's
> > identity, or of the contents of his
> > communication, is relevant and helpful to the
> > defense of an accused, or is essential to the
> > fair determination of a cause, the [informant's]
> > privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that
> "no fixed rule with respect to disclosure is justifiable." *Id.* at
> 62, 77 S.Ct. at 628. What is required is "balancing the
> public interest in protecting the flow of information against
> the individual's right to prepare his defense." *Id.* Whether
> non-disclosure is erroneous "must depend on the particular
> circumstances of each case, taking into consideration the
> crime charged, the possible defenses, the possible
> significance of the informer's testimony, and other relevant
> factors." *Id. See Rugendorf v. United States*, 376 U.S. 528,
> 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United
> States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United
> States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert.
> denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409
> (1973).
>
> The defendant is generally able to establish a right to
> disclosure "where the informant is a key witness or
> participant in the crime charged, someone whose testimony
> would be significant in determining guilt or innocence."
> *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984);

> *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir.
> 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir.
> 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973).
> In *Roberts*, the informant introduced an undercover agent to
> the defendant and was present when the defendant and the
> agent negotiated and transacted two sales of heroin. The
> Court, noting that the informant was "present during all the
> significant events," 388 F.2d at 649, found that he was
> "obviously a crucial witness to the alleged narcotics
> transactions," *id.*, and therefore, his whereabouts should
> have been revealed to the defense if properly requested.
> But disclosure of the identity or address of a confidential
> informant is not required unless the informant's testimony is
> shown to be material to the defense. *See United States v.
> Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440,
> 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v.
> Lilla*, 699 F.2d at 105. As this Court's recent opinion in
> *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes
> clear, it is not sufficient to show that the informant was a
> participant in and witness to the crime charged. In *Jiminez*,
> the informant was both participant and witness, but the
> district court's refusal to order disclosure of his identity was
> upheld on the ground that the defendant had failed to show
> that the testimony of the informant "would have been of even
> marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*,
522 U.S. 976 (1997). Absent the defendant stating a basis for requiring the disclosure
of this information or that the testimony of the informant would be of even marginal
value to the defendant's case, the defendant's request is denied without prejudice.

**"*Brady* Material"**

In five separately lettered requests (with numerous further sub-requests),
the defendant seeks all exculpatory evidence and impeachment evidence pursuant to

*Brady, Giglio* and their progeny. Dkt. #129, pp.14-17.  In its response, the government

states,

> [t]he government believes it is complying with its obligations
> to provide this potentially exculpatory information to
> defendants.  Specifically, we are aware of no evidence that
> a defendant was operating under duress, as a result of
> coercion, or under imperfect duress or coercion. . . . As a
> practice, the government discloses directly exculpatory
> information as soon as we become aware of it, and are
> complying with the obligation to disclose exculpatory
> material to permit defendants to make effective use of the
> material before trial.  To the extent that additional <u>Brady</u> and
> impeachment material becomes known to the government,
> we will endeavor to disclose it sufficiently in advance of the
> proof for the information to be effectively useful to
> defendants.

Dkt. #236, pp.26-28.


"[A]s a general rule, *Brady* and its progeny do not require immediate

disclosure of all exculpatory and impeachment material upon request by a defendant."

*United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001).  The prosecution is obligated

to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Id.*

at 144.  With respect to impeachment material that does not rise to the level of being

*Brady* material, such as *Jencks* statements, the prosecution is not required to disclose

and turn over such statements until after the witness has completed his direct

testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d

283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such

materials over to the defendant prior to trial, the government shall comply with that

policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government as to its obligations under *Brady* and *Giglio,* the defendant's request is denied as moot, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of additional materials to the defendant.

**"*Jencks* Material"**

The defendant seeks to have this Court order the government to provide him with all statements to which the defendant may be entitled pursuant to the *Jencks* Act prior to trial so as to avoid "unnecessary recesses and delays for Defense Counsel to properly use any Jenks [sic] Material and prepare for cross examination." Dkt. #129, p.17. Title 18, United States Code, § 3500 only requires that statements of witnesses called by the government be turned over to the defendant after the witness has completed his testimony on direct examination. In its response, the government states, "[t]he government agrees to provide witness statements required by Title 18, United States Code, Section 3500, at the time set by the trial court according to its usual practice." Dkt. #236, p.29. As discussed above, the government has otherwise agreed to provide the defendant with *Brady* and *Giglio* material. To the extent the

government has adopted a policy of turning such information over to the defendant prior to trial, the government is hereby directed to comply with that policy, or in the alternative, produce such information in accordance with the scheduling order to be issued by the trial judge.  Accordingly, defendant's request is denied as moot.

**"Expert Witness - Rule 16(a)(1)(G)"**

By this request, the defendant seeks the identification of all of the expert witnesses the government expects to testify during the trial, as well as the disclosure of a summary of the anticipated testimony of those expert witnesses.  Dkt. #129, p.17.  In its response, the government states, "the government expects to provide disclosure of the credentials and methods used by the forensic chemists during their analyses and in support of their expert opinions.  The government reserves the right to offer the testimony of other experts, and if the government decides to use such an expert, it will comply with Fed. R. Crim. P. Rule 16(a)(1)(G) and Fed. R. Evid. 702, 703, and 705."  Dkt. #236, p.26.   Accordingly, based on the representations made by counsel for the government, the defendant's request is denied as moot.

**"Disclosure of Evidence Pursuant to Federal
Rule of Evidence  403, 404(b) and 609"**

The defendant seeks an order compelling the government "to make known why there is [sic] attempts to use any prior convictions or proof of prior commission of other offenses, wrong doings or acts in its direct case or to impeach the Defendant."  Dkt. #129, p.18.  In addition, the defendant requests that the government

"identify and turn over to the defense any and all specific incidents of other crimes, wrong doings or acts which it claims to use at trial of this indictment for any reason under Federal Rules of Evidence 404(b)." *Id*.

> The government in its response states,

> [t]he government expects to timely disclose evidence that might fall within the ambit of Fed. R. Evid. 404(b), 608(d) and 609. The government intends to seek to introduce at trial evidence of this activity, as well as similar activity. . . . The government will disclose evidence in its possession that might fall within Fed. R. Evid. 404(b), 607, 608 and 609, and provide notice of its intention to rely upon such evidence when ordered to do so by the trial court. Specifically, at this time, the government is unaware of any evidence within the ambit of Fed. R. Evid. 609, which could be used at trial to impeach the credibility of defendants upon cross-examination. With respect to the disclosure of evidence which falls within Fed. R. Evid. 608, the government notes that it has no obligation to provide a defendant with any information that could be used to impeach him pursuant to Rule 608, should he elect to testify. . . . Furthermore, the government preliminarily notifies defendants that it intends to introduce at trial, pursuant to Rule 404(b), all prior criminal conduct acts or wrongs to show proof of a defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and the absence of mistake or accident. This notice is only preliminary in nature and is not intended to foreclose the government from relying on other Rule 404(b) evidence should it deem the introduction of such evidence appropriate at trial. The government will provide defendants with more definitive notice of its intent to rely on Rule 404(b) evidence when directed to do so by the trial judge, or during trial, if pretrial notice is excused for good cause.

Dkt. #236, pp.23-25. Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added). Counsel for the government is

reminded of its obligations to provide such reasonable notice. Accordingly, the defendant's request is denied as moot.

**"Motion for Government Disclosure of Rule 807 'Residual Exception' Statements"**

The defendant requests that the Court order the government to immediately comply with Rule 807 by notifying the defense of its intention to offer any statements covered by the residual hearsay exception. Dkt. #129, p.19. In its response, the government agrees that the residual hearsay exception in the Federal Rules of Evidence requires advance notice of its use. The government further states that it "currently does not intend to of [sic] introduce any statement falling within the residual hearsay exception. However, should the government later find the exception applicable, the substance of the statement and the name and address of the declarant will be disclosed in time to permit defendant[ ] a fair opportunity to prepare to meet the testimony." Dkt. #236, p.18. Accordingly, based on the representations made by counsel for the government, the defendant's request is denied as moot.

**"Joinder and Motions of Co-Defendants"**

The defendant seeks to join in any and all motions made on behalf of the co-defendant. Dkt. #129, p.19. This request is granted with the further directive and finding that the decision made by this Court as to the co-defendant's requests contained in the motion in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**"Other Motions"**

The defendant states, "Defendant, Darryl Robinson, reserves the right to bring additional motions based on responses the Government provides to this motion before the Court." Dkt. #129, p.19. This request is granted provided that any additional bases for relief are based on facts or information learned by reason of the continuation of the investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's Decision and Order.

**Government's Request for Reciprocal Discovery**

In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery. Dkt. #236, p.94. The government has requested that the defendant permit it to inspect and copy all books, papers, documents, photographs and other tangible objects which the defendant intends to introduce as evidence-in-chief at the trial. In addition, the government seeks to inspect all reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant along with written summaries of expert witness testimony that the defendant intends to use at trial. Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of**

-34-

**Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order),**

**may result in the District Judge's refusal to consider the objection.**


DATED:      Buffalo, New York
              June 24, 2010


                                    *s/ H. Kenneth Schroeder, Jr.*
                                      **H. KENNETH SCHROEDER, JR.**
                                      **United States Magistrate Judge**